***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Griffin and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties. The Full Commission affirms the Opinion and Award of Deputy Commissioner Griffin and enters the following Opinion and Award:
 *********** EVIDENTIARY MATTERS
On March 29, 2010, Plaintiff filed with the Industrial Commission a Motion to Reopen the Record and Receive Additional Evidence. Plaintiff's motion was held in abeyance pursuant to a May 4, 2010, Order of the Commission. The Full Commission finds based on the arguments presented by the parties, that Plaintiff's Motion is without good grounds and is hereby DENIED. *Page 2 
 ***********
The Full Commission finds as a fact and concludes as a matter of law the following, which were entered into by the parties as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission and the Commission has jurisdiction over this matter.
2. All parties are subject to and bound by the North Carolina Workers' Compensation Act.
3. All parties have been properly designated, and there is no question as to joinder or non-joinder of parties.
4. Insurance coverage existed on the date of injury.
5. Plaintiff sustained compensable injuries on May 11, 1999.
6. An employment relationship existed between Plaintiff and Defendant-Employer during some or all of the time period referenced.
7. Plaintiff's average weekly wage was $320.00.
8. Plaintiff has been paid compensation consisting of temporary total disability benefits in the amount of $213.34.
 ***********
The following were submitted to the Deputy Commissioner as:
 EXHIBITS
1. Stipulated Exhibit Number 1, Pre-Trial Agreement, Motions and Industrial Commission Forms, Case Management and Rehabilitation Reports, Medical Records, Emails Regarding transportation issues and 3 sets of Form 24 documents with Corresponding Orders *Page 3 
 ***********
The following were received into evidence before the Deputy Commissioner as:
 DEPOSITIONS
1. Oral deposition of Robert B. Anderson, M.D., taken on August 13, 2008.
2. Oral deposition of Lynn R. Swing, M.D., taken on August 13, 2008.
3. Oral deposition of Leanna Hollenbeck with Plaintiff's Exhibits numbered 1, 2, and 2a, attached to the deposition transcript.
4. Oral deposition of Faye Ellen Sultan, Ph.D., taken on September 24, 2008, with Plaintiff's Exhibit Number 1 attached to the deposition transcript.
5. Oral deposition of Gerald M. Aronoff, M.D., taken on June 10, 2009, with Defendants' Exhibits numbered 1 and 2 and Plaintiff's Exhibits numbered A and B attached to the deposition transcript.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On May 11, 1999, Plaintiff sustained a compensable injury by accident as a result of a motor vehicle accident that occurred while he was working in the course and scope of his employment with Defendant-Employer. As a result of his compensable injury, Plaintiff sustained a closed head injury, a hernia, a right ankle fracture, and a right orbital fracture, for which he received treatment from various medical providers.
2. As a result of the May 11, 1999, motor vehicle accident, Plaintiff sustained a severe injury to his right ankle with nerve and tendon damage. Robert Anderson, M.D., an *Page 4 
orthopaedic surgeon, has provided most of the treatment for the ankle. On January 4, 2000, Dr. Anderson determined Plaintiff reached maximum medical improvement and assigned a 35% permanent partial impairment rating to the right foot. Dr. Anderson also released Plaintiff to sedentary work and to avoid driving with his right foot. As of the date of the hearing before the Deputy Commissioner, Dr. Anderson was still providing treatment for the right ankle.
3. In 2001, Plaintiff treated briefly with Ronald Demas, M.D., a neurologist, for cognitive impairment related to the head injury he sustained in the motor vehicle accident. Dr. Demas referred Plaintiff to Dr. Jeffrey Ewert, a neuropsychologist, for an evaluation.
4. In 2000, Plaintiff began participating in vocational rehabilitation. Lynn Swing, a vocational case manager, has been assigned to Plaintiff's claim since 2004. During the time that he has worked with Ms. Swing, Plaintiff has attended Community College for approximately 18 months. He received certifications in Drafting and Machinery from the Community College. Plaintiff has not received a diploma in Computer Aid Design because he did not complete the required math course. As part of vocational rehabilitation, Ms. Swing expected Plaintiff to document 3 to 5 independent employer contacts per week and to submit applications as directed. Plaintiff has documented 43 independent employer contacts and applied for positions, but has yet to be offered employment. Ms. Swing performed a Labor Market Survey in March of 2008. Ms. Swing contacted 23 employers, of which 11 had available work, but only 8 of the employers had suitable positions.
5. In June 2008, Plaintiff met with Leanna Hollenbeck, a vocational rehabilitation counselor and certified life planner, for approximately 8 to 10 hours. Ms. Hollenbeck recommended that the job search activities should be placed on hold until Plaintiff's pain level and *Page 5 
depression were controlled. Ms. Hollenbeck felt that psychological counseling with an emphasis on pain management and coping techniques needed to begin promptly.
6. Faye Sultan, Ph.D., a forensic and clinical psychologist, evaluated Plaintiff over 2 sessions in May and September 2008. Dr. Sultan indicated that Plaintiff was very angry and depressed. She recommended intensive counseling a few times a week or admission into an intensive outpatient program to treat his depression. Dr. Sultan attributed Plaintiff's depression and current psychological state to his compensable injury. In her opinion, Plaintiff's continued job search was futile until he received adequate treatment for his depression.
7. On March 12, 2009, Gerald Aronoff, M.D., an expert in the field of psychiatry and pain medicine, evaluated Plaintiff for an Independent Medical Evaluation at the request of Defendants. Dr. Aronoff gave Plaintiff a lengthy questionnaire, which included questions related to health and emotional health, family history, childhood history, and work history. Dr. Aronoff reviewed Plaintiff's prior medical records related to his injury, took an oral history, and administered the Beck Depression Inventory, Beck Anxiety Inventory, and Mini Mental State Exam.
8. Dr. Aronoff assessed that the majority of Plaintiff's complaints were physical. Plaintiff stated that he had been mildly depressed, but did not feel he was depressed enough to need treatment. Dr. Aronoff did not feel that Plaintiff is a risk to himself or others. Based on the information acquired from the questionnaire and the results of the tests administered, Dr. Aronoff diagnosed Plaintiff with a very mild form of depression. The results of the Mini Mental State Exam were normal and suggested no cognitive impairment. Dr. Aronoff indicated that Plaintiff did not need further psychiatric or psychological treatment. He further opined that Plaintiff's *Page 6 
psychological state did not preclude him from participating in vocational rehabilitation and should not interfere with his ability to return to work.
9. During his deposition, Dr. Aronoff reviewed the medical records of Dr. Sultan. Dr. Aronoff noted that Dr. Sultan did not perform a comprehensive evaluation and did not conduct a mental status exam. She made no differential diagnosis, or any actual diagnosis, and based her conclusions about Plaintiff's attention, focus, and levels of depression based solely on what Plaintiff and his wife relayed to her. On the other hand, Dr. Aronoff performed a battery of standardized tests, administered a questionnaire, reviewed Plaintiff's prior medical records related to his injury, and reviewed the oral and written history provided by Plaintiff in formulating his opinion. The undersigned give greater weight to the testimony of Dr. Aronoff and find that Plaintiff is capable of actively participating in vocational rehabilitation services as directed by Defendants.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. On March 11, 1999, Plaintiff sustained a compensable injury by accident as a result of a motor vehicle accident that occurred while he was working in the course and scope of his employment for Defendant-Employer. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff has failed to establish by the competent medical evidence of record the need for further psychiatric or psychological treatment as the result of his compensable injury by accident. N.C. Gen. Stat. § 97-25. *Page 7 
3. Plaintiff has failed to establish by the competent evidence of record that vocational rehabilitation services should not resume at this time. N.C. Gen. Stat. § 97-25.
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law the Full Commission makes the following:
 ORDER
1. Plaintiff's claim for psychological treatment is hereby DENIED.
2. Plaintiff is hereby ORDERED to resume vocational rehabilitation as directed by Defendants. Plaintiff shall fully cooperate with vocational rehabilitation services.
3. Each side shall bear its own costs.
This the 15th day of July, 2010.
 S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/___________________ STACI T. MEYER COMMISSIONER
 S/___________________ PAMELA T. YOUNG CHAIR *Page 1